UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

UNITED STATES OF AMERICA                )        CRIMINAL ACTION NO.
                                        )        5:22-cr-42-01
            v.                          )
                                        )
ARON LEE ETHRIDGE,                      )
                Defendant.              )


ARRAIGNMENT AND CHANGE OF PLEA
Friday, July 22, 2022
Burlington, Vermont


BEFORE:

      THE HONORABLE GEOFFREY W. CRAWFORD,
      Chief District Judge


APPEARANCES:

JONATHAN A. OPHARDT, ESQ., U.S. Attorney's Office, 11 Elmwood
      Avenue, 3rd Floor, P. O. Box 570, Burlington, VT
      05402-0570, Counsel for the Government

MARK A. KAPLAN, ESQ., Kaplan and Kaplan, 95 St. Paul Street,
      Suite 405, Burlington, VT 05402-0405, Counsel for the
      Defendant

ARON LEE ETHRIDGE, DEFENDANT


Johanna Massé, RMR, CRR
Official Court Reporter
P. O. Box 5852
Burlington, VT 05402
802-951-8102 | 802transcripts@gmail.com

1 Friday, July 22, 2022

2       (The following was held in open court at 10:07 AM.)

3           COURTROOM DEPUTY:  Your Honor, this is case number

4 22-CR-42, United States of America v. Aron Lee Ethridge.

5 Present on behalf of the Government is Assistant U.S. Attorney

6 Jonathan Ophardt, present with the defendant is Attorney Mark

7 Kaplan, and the matter before the Court is a change of plea.

8           THE COURT:  All right.  We'll get started in just a

9 moment.  As a preliminary matter, I passed out my effort to

10 identify the legal elements of the two charges in the

11 superseding information.

12     Mr. Ophardt, can you make some improvements on these?

13           MR. OPHARDT:  I will try, your Honor.  Just one note

14 for the 1958 count.  The information does allege travel in

15 interstate as well, so the Government would submit that the

16 first element be the defendant caused another person to travel

17 interstate or use a facility of interstate commerce, which in

18 this case --

19           THE COURT:  Got it.  That's a good idea.  Got it.

20 Yup.

21           MR. OPHARDT:  That's the only suggestion, Judge.

22           THE COURT:  All right.  And the conspiracy to kidnap?

23           MR. KAPLAN:  That's correct.

24           MR. OPHARDT:  No issues with that, your Honor.

25           THE COURT:  Perfect.

1      Mr. Kaplan, any improvements to offer on the statement of

2  the elements?

3          MR. KAPLAN:  No, your Honor.  Thank you.

4          THE COURT:  All right.  Good.  I appreciate that.

5      All right.  Mr. Ethridge, we really have three legal tasks

6  this morning.  Two of them are brief.  The other one is a

7  little more lengthy.  The brief ones are an arraignment on the

8  superseding information and a waiver of your legal -- your

9  constitutional right to indictment.  So I'll take up those two

10  things first and then we'll turn to the plea agreement and the

11  change of plea.

12      But I'll start by asking that you be placed under oath.

13      (The defendant was sworn.)

14          THE COURT:  Could you state your full name, please.

15          THE DEFENDANT:  Aron Lee Ethridge.

16          THE COURT:  Mr. Ethridge, how far have you gone in

17  school?

18          THE DEFENDANT:  High school.

19          THE COURT:  And since high school, what has been your

20  principal line of work?

21          THE DEFENDANT:  Railroad conductor.

22          THE COURT:  I'm sorry?

23          THE DEFENDANT:  Railroad conductor.

24          THE COURT:  All right.  Is English your native

25  language?

1            THE DEFENDANT:  Yes, sir.

2            THE COURT:  And are you a U.S. citizen?

3            THE DEFENDANT:  Yes, sir.

4            THE COURT:  Are you currently or have you recently

5  been under the care of a doctor or psychologist or psychiatrist

6  for any treatment?

7            THE DEFENDANT:  No, sir.

8            THE COURT:  Have you been hospitalized or treated

9  recently for narcotics addiction?

10            THE DEFENDANT:  No, sir.

11            THE COURT:  Do you take any medication?

12            THE DEFENDANT:  No, sir.

13            THE COURT:  Have you taken any drugs at all, medicine

14  or pills, or drank alcohol in the past 24 hours?

15            THE DEFENDANT:  No, sir.

16            THE COURT:  And you're here represented by your

17  attorney, Mark Kaplan?

18            THE DEFENDANT:  Yes, sir.

19            THE COURT:  Have you yourself received a copy of the

20  superseding information?

21            THE DEFENDANT:  Yes, sir.

22            THE COURT:  And do you wish to have me read it aloud

23  in court, or do you wish to give up that right?

24            MR. KAPLAN:  Judge, we would waive a reading of the

25  indictment.

1                    THE COURT:  All right.  Is that how you see it too,

2    Mr. Ethridge?

3                    THE DEFENDANT:  Yes, sir.

4                    THE COURT:  All right.  Do you understand that in a

5    general way the information contains two counts?  The first

6    charges you with the use of interstate commerce facilities to

7    commit murder for hire, and the second charges you with

8    conspiracy to kidnap with death resulting.  Do you understand

9    that those are the nature of the two charges?

10                   THE DEFENDANT:  Yes, sir.

11                   THE COURT:  And do you understand that -- I appreciate

12   that the plan today is that you intend to plead guilty to these

13   two charges.  Do you understand that if you pled not guilty,

14   which would certainly be your right, that you would have the

15   right to a preliminary hearing to determine if there's a

16   sufficient factual basis for the charge against you?

17                   THE DEFENDANT:  Yes, sir.

18                   THE COURT:  And do you understand that if you plead

19   guilty, we'll not conduct that preliminary hearing?

20                   THE DEFENDANT:  Yes, sir.

21                   THE COURT:  And do you understand that you have every

22   right today not to make a statement about the charges or really

23   any other aspect of the case; you have every right to -- not to

24   make a statement?  Do you understand that?

25                   THE DEFENDANT:  Yes, sir.

1        THE COURT:  All right.  I'm going to turn to the

2    waiver of indictment.  Do you understand the nature of the two

3    charges against you?

4        THE DEFENDANT:  Yes, sir.

5        THE COURT:  Do you understand that you have a

6    constitutional right to be charged by indictment of a grand

7    jury before a federal conviction can be entered?

8        THE DEFENDANT:  Yes, sir.

9        THE COURT:  Do you understand that you can give up

10   that right to indictment and agree to being charged and

11   convicted on the basis of an information signed by the U.S.

12   Attorney's Office?

13       THE DEFENDANT:  Yes, sir.

14       THE COURT:  Do you understand that's what's happened

15   in this case with the filing of the superseding information?

16       THE DEFENDANT:  Yes, sir.

17       THE COURT:  Do you understand that unless you waive

18   indictment, you can't be convicted of a felony unless a grand

19   jury finds by returning an indictment that there's probable

20   cause to believe that a crime was committed and that you are at

21   least one of the people who committed it?

22       THE DEFENDANT:  Yes, sir.

23       THE COURT:  And do you understand that if you do not

24   waive indictment, the Government may present the case to the

25   grand jury and ask it to indict you in any case?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  I'll speak a little bit about the

3 composition of a grand jury.  The grand jury's composed of at

4 least 16, not more than 23, people, and at least 12 grand

5 jurors must find that there is probable cause to believe you

6 committed the offenses with which you're charged before you may

7 be indicted.  Upon hearing evidence, the grand jury might or

8 might not indict you.  If you waive indictment by the grand

9 jury today, the case will proceed against you on the U.S.

10 Attorney's superseding information in the same manner as if you

11 had been indicted.

12     Have you discussed waiving your right to indictment by the

13 grand jury privately with Mr. Kaplan?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  And do you feel that you sufficiently

16 understand your right to indictment by a grand jury today?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  Have any threats or promises been made to

19 induce you to waive indictment?

20          THE DEFENDANT:  I'm sorry.  I didn't hear that one.

21          THE COURT:  Have any threats or promises been made to

22 induce you to waive indictment?

23          THE DEFENDANT:  No, sir.

24          THE COURT:  And is it your decision to waive

25 indictment by a grand jury?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Mr. Kaplan, do you know of any reason why

3  Mr. Ethridge should not waive indictment?

4          MR. KAPLAN:  I do not, your Honor.

5          THE COURT:  And do we have a written waiver form?

6          MR. KAPLAN:  You know, I didn't do that, Judge, but I

7  can do it now.

8          COURTROOM DEPUTY:  Judge, I have one.

9          THE COURT:  Perfect.  Yeah.  We'll take care of that

10  now.

11      All right.  I received the written waiver of indictment

12  and find that the waiver is knowingly and voluntarily made by

13  the defendant, accepted by the Court.

14      And we'll proceed to the change of plea on the superseding

15  indictment.

16      Before I can accept your guilty plea, Mr. Ethridge, I need

17  to ask you a series of questions.  I do this to make certain

18  that your legal rights are protected and that your plea today

19  is voluntary.

20      What we say is recorded, so just as you have been, I ask

21  that you answer aloud.

22      If you don't understand what I'm asking or you don't

23  understand something else that you hear today, please let me

24  know.  It's my job to take time to talk about your rights

25  fully.  It's important that you understand my questions and

1  everything else that you hear being said.

2      If at any time you wish to speak privately with your

3  attorney, Mr. Kaplan, just say so.  We'll take a break and make

4  certain that you and he are able to talk in a private setting.

5      Do you understand what I've said so far?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  I'd just remind you that you remain under

8  oath.

9      And with respect to competence to enter a plea, does

10  counsel -- do you feel that you yourself have a clear

11  understanding of this change of plea proceeding?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  Counsel for the Government or the defense

14  have any doubt as to Mr. Ethridge's competence to enter a valid

15  plea?  Mr. Ophardt?

16          MR. OPHARDT:  No, your Honor.

17          THE COURT:  Mr. Kaplan?

18          MR. KAPLAN:  No, your Honor.

19          THE COURT:  Thank you.

20      I've received a copy of the plea agreement with its

21  exhibit.  And I have some questions about that process.

22      First, Mr. Ethridge, are you fully satisfied with the

23  counsel, representation, and legal advice given to you in this

24  case by your attorney, Mark Kaplan?

25          THE DEFENDANT:  Yes, sir.

1              THE COURT:  Did you have an opportunity to read and
2  talk over the plea agreement in a private setting with Mr.
3  Kaplan?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  Did you have enough time to talk about it
6  carefully?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  Was Mr. Kaplan able to answer any question
9  or concern that you had about the plea agreement?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  At the end of that discussion, did you
12 yourself sign the plea agreement?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  I've got an unsigned copy, which is
15 helpful, but does somebody have the original?

16             MR. KAPLAN:  The Government should have filed that a
17 few minutes ago.

18             MR. OPHARDT:  Your Honor, I believe it's on file.  I
19 don't know if the clerk has it in front of you.

20             THE COURT:  Perfect.  I got it.  Great.  Thanks.

21             MR. OPHARDT:  Thank you, Judge.

22             THE COURT:  Thank you.

23        Does the plea agreement and -- with its exhibit represent
24 the complete understanding you have with the prosecution?

25             THE DEFENDANT:  Yes, sir.

1          THE COURT:  Is there any further agreement with the

2   prosecution which isn't written down in the plea agreement?

3          THE DEFENDANT:  No, sir.

4          THE COURT:  Do you understand the terms of the plea

5   agreement yourself?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Let me make sure that I do and that our

8   understanding is the same.  The agreement provides for a guilty

9   plea to Count 1 and a guilty plea to Count 2 of the superseding

10  indictment.  Those would be the charges of murder for hire and

11  conspiracy to kidnap with death resulting.  The Government

12  promises to comply by the conditions of the agreement that it

13  will dismiss the indictment at the -- the original indictment

14  at the time of sentencing, not prosecute you for other criminal

15  offenses in the District of Vermont known to the Government as

16  of the date it signs the plea agreement, and recommend that you

17  receive up to three points of credit for acceptance of

18  responsibility.

19      The parties, the defense and the Government, have reached

20  an agreement that the advisory sentencing guideline for

21  purposes of the sentencing computation would provide a base

22  offense level of 43 and an advisory guideline sentencing range

23  of between 292 to 365 months.

24      Both sides, the defense and the Government, have further

25  agreed pursuant to Rule 11(c)(1)(C) that the appropriate term

1  of imprisonment should be 324 months or less; in other words,

2  that would be a cap on -- if accepted by the Court, that would

3  be a cap on the maximum sentence of 324 months.  You and Mr.

4  Kaplan would be free to argue for less.

5       I think those were the salient features of the plea

6  agreement.

7       Anything further, Mr. Ophardt, that should be reflected in

8  the record?

9          MR. OPHARDT:  Your Honor, there is a slightly unique

10 provision in paragraph 16 regarding other offices, which of

11 course the Court's aware we cannot bind and the defense is also

12 aware we cannot bind other offices of both the Department and

13 state and local prosecutors.  That's our effort to address that

14 situation.

15         THE COURT:  I see that.  Thank you.  That's helpful.

16 You've committed to advising the other offices that you've made

17 your best efforts to address Mr. Ethridge's conduct -- criminal

18 conduct fully in this setting.

19         MR. OPHARDT:  Correct, your Honor.

20         THE COURT:  Okay.  With that addition, Mr. Kaplan, are

21 there any other features of the plea agreement that should be

22 reflected in the record?

23         MR. KAPLAN:  No, your Honor.  Thank you.

24         THE COURT:  All right.  Mr. Ethridge, is that how you

25 understand your plea agreement with the Government?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  That's how I understand it too, so I think

3 we understand it the same way.

4      Has anyone made a promise or an assurance to you that's

5 not contained in the plea agreement to persuade you to accept

6 it?

7          THE DEFENDANT:  No, sir.

8          THE COURT:  Has anyone made a threat against you in

9 any way to persuade you to accept this plea agreement?

10          THE DEFENDANT:  No, sir.

11          THE COURT:  Mr. Kaplan, were all formal plea offers

12 from the Government conveyed to Mr. Ethridge?

13          MR. KAPLAN:  Yes, they were, your Honor.

14          THE COURT:  I'm going to turn to the question of the

15 11(c)(1)(C) cap in the plea agreement.  Mr. Ethridge, the plea

16 agreement which you've signed provides for a maximum sentence

17 of no more than 324 months.  As I said, you would be free to

18 argue for less.  Is that your understanding as well?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  Do you understand that the Court, the

21 judge, cannot make a decision to accept or reject this

22 agreement until after a presentence report has been completed?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Do you understand that the Court's

25 decision to accept or reject the plea agreement and

1  specifically the 11(c)(1)(C) 324-month maximum sentence will be

2  guided by a couple of factors?  These include the Court's

3  determination of the advisory sentencing guidelines that apply

4  to your case, possible authorized departures from those

5  guidelines, and other statutory sentencing factors that go into

6  the federal sentencing decision.

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  In other words, do you understand that

9  even though you and the Government have agreed upon a maximum

10 sentence of 324 months, that it's necessary for the Court to

11 determine the guideline range and to consider the other factors

12 which go into a federal sentence before making an independent

13 decision about whether to accept the proposed sentence cap?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  Do you understand that as part of the

16 sentencing process, you and the Government would both have an

17 opportunity to review the presentence report before the

18 sentencing hearing and to challenge the facts and the

19 application of the guidelines recommended by the probation

20 officer?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  Do you understand that you and the

23 Government will also have an opportunity to bring to the

24 Court's attention other factors which would support the

25 proposed plea agreement and agreed-upon sentence cap, including

1 any basis for a departure from the guidelines calculation or a

2 variance from this calculation?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Do you understand that if the Court

5 accepts the plea agreement, that the sentence will be no longer

6 than 324 months as proposed by you and the Government?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Do you understand that if the Court

9 accepts the plea agreement, the Court will also be bound by its

10 terms and will be obligated to impose a sentence which is no

11 longer than the 324-month term?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  Do you understand that if the Court

14 rejects the plea agreement, both you and the Government will

15 have an opportunity to withdraw from the agreement and in

16 particular you'll have the right to withdraw your plea of

17 guilty which you entered today?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Do you understand that the offense to

20 which you're -- the two offenses to which you're pleading

21 guilty are both felonies; that if your plea is accepted, you'll

22 be convicted of these felonies; and that conviction may deprive

23 you of important civil rights in the future, many of them

24 dependent on state law, but these can include rights such as

25 the right to vote, the right to hold public office, the right

1  to serve on a jury, and the right to possess any kind of

2  firearm?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  I'll take a moment to advise you of the

5  maximum penalty allowed by law for each charge.  With respect

6  to Count 1, do you under- -- and that is the use of interstate

7  facilities to commit murder for hire count, do you understand

8  that the maximum penalty is ten years of imprisonment, up to a

9  three-year term of supervised release, up to a $250,000 fine,

10  and a $100 special assessment; with respect to Count 2, the

11  conspiracy to kidnap charge, do you understand that the maximum

12  penalty is up to life imprisonment, up to a five-year term of

13  supervised release, up to a $250,000 fine, and a $100 special

14  assessment?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Do you understand further that with

17  respect to restitution to the victims of the offense, that the

18  Court must order full restitution in an amount determined by

19  the Court?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  I need to tell you, as we've talked about

22  before, that your sentence will be determined by a combination

23  of advisory sentencing guidelines, possible authorized

24  departures from those guidelines, and other statutory

25  sentencing factors.  Have you and Mr. Kaplan talked privately

1  about how these guidelines might apply to your case?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Do you understand that the Court will not

4  be able to determine the advisory guideline range for your case

5  until after the presentence report has been completed and after

6  you and the Government have had an opportunity to challenge the

7  reported facts and the application of the guidelines

8  recommended by the probation officer?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  Do you understand that the sentence

11  ultimately imposed may be different from any estimate your

12  attorney or anyone else may have given you?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  Do you understand that after your initial

15  advisory guideline range has been determined, that the Court

16  has the authority in some circumstances to depart upwards or

17  downwards from that range; it will also examine other statutory

18  sentencing factors under the law that may result in the

19  imposition of a sentence that's either greater or lesser than

20  the advisory guideline sentence?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Do you understand that parole has been

23  abolished in the federal system, that if you're sentenced to

24  prison, you'll not be released partway through your sentence on

25  parole, as frequently happens in state sentencing systems?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Do you understand that under some

3 circumstances you or the Government may have the right to

4 appeal any sentence that I impose?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  I'm going to change subjects and talk to

7 you about your trial rights.  These are important

8 constitutional rights that protect a person at the time of his

9 trial.  These are rights which you have now, but if you plead

10 guilty this morning, you give up your trial, so in effect you

11 give up these trial protection rights at the same time.  That's

12 why we talk about them together before you plead guilty.  Do

13 you follow what I'm trying to say?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  Do you understand first that you have

16 every right to plead not guilty to any offense charged against

17 you and to take the case to a trial?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Do you understand you would then have the

20 right to a trial in front of a jury?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Do you understand that all members of the

23 jury would have to agree unanimously that you were guilty

24 before you could be convicted?

25          THE DEFENDANT:  Yes, sir.

1          THE COURT:  Do you understand that you would have the

2  right to participate in selecting jury members from members of

3  the larger community?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Do you understand at trial you'd be

6  presumed to be innocent and the Government would have to prove

7  you guilty beyond a reasonable doubt to obtain a conviction on

8  either charge?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  Do you understand you would have the right

11  to the assistance of an attorney for your defense, appointed by

12  the Court if necessary, at trial and at every other stage of

13  the case?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  Do you understand you would have the right

16  at trial to see and hear all the witnesses and have them

17  cross-examined in your defense?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Do you understand you would have the right

20  to decline to testify unless you voluntarily chose to testify

21  in your own defense?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  Do you understand that you would have that

24  right to testify and to put on your own witnesses and your own

25  evidence at a trial?

1                THE DEFENDANT:  Yes, sir.

2                THE COURT:  Do you understand you'd have the right to

3   compel witnesses to come to court to testify in your defense?

4                THE DEFENDANT:  Yes, sir.

5                THE COURT:  In other words, do you understand that you

6   could put on your own witnesses, your own testimony, and your

7   own evidence at a trial?

8                THE DEFENDANT:  Yes, sir.

9                THE COURT:  And do you understand that if a witness

10  didn't wish to come, the Court could order him or her to come

11  and testify anyway?

12               THE DEFENDANT:  Yes, sir.

13               THE COURT:  Do you understand that if you decided not

14  to testify or not to put on any evidence of your own, that

15  those facts could not be used against you at trial?

16               THE DEFENDANT:  Yes, sir.

17               THE COURT:  Do you understand that nobody could force

18  you to testify at trial because you have a privilege against

19  incriminating yourself?

20               THE DEFENDANT:  Yes, sir.

21               THE COURT:  Do you understand that if you were found

22  guilty after a trial, you could appeal your conviction to a

23  higher court?

24               THE DEFENDANT:  Yes, sir.

25               THE COURT:  Do you understand that by entering a plea

1  of guilty, there will be no trial and you'll have waived, or

2  given up, your right to a trial as well as those other rights

3  associated with a trial which you and I have just talked about?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Do you understand that at trial the

6  Government would have to prove the essential elements of each

7  offense beyond a reasonable doubt, and these elements are as

8  follows:  With respect to Count 1, the use of interstate

9  commerce facilities to commit murder for hire, one, the

10 defendant caused another person to travel or to use a facility

11 of interstate commerce, which in this case is charged as

12 cellular telephone networks; two, the defendant did so with the

13 intent that murder be committed; three, the defendant intended

14 that the murder be committed in exchange for the receipt or as

15 consideration for a promise and agreement to pay pecuniary

16 value.

17     With respect to the conspiracy to kidnap with death

18 resulting, the elements are, one, the defendant entered into a

19 conspiracy with at least one other person; two, the defendant

20 willfully joined in the conspiracy; three, during the period

21 when defendant was a member of the conspiracy, one of the

22 conspirators committed an overt act in an effort to further the

23 purpose of the conspiracy; four, the purpose of the conspiracy

24 was kidnapping, which is itself a federal offense, the elements

25 of which are, A, the defendant or a co-conspirator seized or

1  confined or inveigled or decoyed or kidnapped or abducted or

2  carried away the alleged victim; B, the defendant or a

3  co-conspirator held the hostage for ransom, reward, or for

4  another reason; C, the defendant or a co-conspirator traveled

5  in interstate commerce or used the mail or any means, facility,

6  or instrumentality of interstate or foreign commerce in

7  committing or in furtherance of the commission of the offense;

8  D, the defendant or a co-conspirator acted unlawfully,

9  knowingly, and willfully; five, in this case the Government

10 charges further the actions of the conspirators resulted in the

11 death of the victim.

12      Mr. Ophardt, could the prosecution make a representation

13 of the facts that the Government would be prepared to prove at

14 trial.

15      MR. OPHARDT:  Yes, your Honor.  The facts are set

16 forth in the plea agreement at paragraph 4.  There are initials

17 used in the plea agreement.  However, the corresponding

18 superseding information uses full names, so I will read the

19 full name instead of the initials for the Court's ease.

20      Before the summer of 2017, Aron Lee Ethridge was contacted

21 by Berk Eratay requesting that Ethridge assist Berk Eratay in

22 the killing of a person Ethridge later learned to be Gregory

23 Davis.  Later, Ethridge agreed to attempt to locate someone to

24 assist with the murder.  Berk Eratay told Ethridge that Berk

25 Eratay was acting on behalf of Serhat Gumrukcu, that Serhat

Gumrukcu was providing the funds, and that Serhat Gumrukcu had a business dispute with Davis.

In or about the summer of 2017, Aron Lee Ethridge contacted Jerry Banks, enlisted Banks in the scheme to murder Davis.

Ethridge received over $100,000 in U.S. currency from Berk Eratay and Serhat Gumrukcu, both as payment and to cover expenses for the murder.  Ethridge provided approximately half of this money to Banks.  Ethridge also subsequently received an additional sum in Bitcoin after Davis was murdered.

Ethridge obtained from Berk Eratay identifying and location information for Gregory Davis, including a photograph of Davis, which Ethridge then provided to Jerry Banks knowing that Banks would use the information to locate and eventually murder Davis.

In the fall of 2017, Banks traveled from Colorado to Vermont and conducted surveillance on Gregory Davis' residence. After the surveillance trip, Banks informed Ethridge that the murder plan would have to be adjusted, as Davis would likely need to be abducted from the property prior to being murdered. Ethridge told Berk Eratay about this development.  Ethridge was aware that Banks planned to impersonate law enforcement as part of the abduction.

In or about early January of 2018, Banks traveled from Colorado to Vermont to kidnap and kill Davis.  On or about

1 January 6, Banks impersonated a deputy U.S. marshal and

2 abducted Gregory Davis from his residence in Barnet, Vermont.

3 Banks then murdered Davis, shooting him multiple times in the

4 head and torso.  Davis' deceased body was discovered the

5 following morning.

6        During the course of the conspiracy, Ethridge and Banks

7 communicated by cell phone as well as an encrypted cell phone

8 application that utilized cellular data transmissions.  On or

9 about January 7, 2018, Banks called Ethridge to tell him that

10 Davis had been killed.  Shortly thereafter, Ethridge called

11 Berk Eratay to relay the message from Banks.

12        THE COURT:  Thank you.

13     Mr. Ethridge, has the Government accurately described each

14 offense and your role in each offense?

15        THE DEFENDANT:  Yes, sir.

16        THE COURT:  Do you disagree with any portion of the

17 Government's description of your conduct?

18        THE DEFENDANT:  No, sir.

19        THE COURT:  Do you intend to plead guilty because you

20 are in fact guilty of the two charges set forth in the

21 superseding information?

22        THE DEFENDANT:  Yes, sir.

23        THE COURT:  How do you plead to Count 1:  guilty or

24 not guilty?

25        THE DEFENDANT:  Guilty.

1            THE COURT:  And how do you plead to Count 2:  guilty
2  or not guilty?

3            THE DEFENDANT:  Guilty.

4            THE COURT:  It is the finding of the Court in the case
5  of United States v. Aron Lee Ethridge that the defendant is
6  fully competent and capable of entering an informed plea, that
7  the defendant is aware of the nature of the charges and the
8  consequences of the plea, the plea of guilty is a knowing and
9  voluntary plea supported by an independent basis in fact
10 containing each of the essential elements of both offenses.
11 The plea to each offense is therefore accepted, and the
12 defendant is adjudged guilty of these two offenses.

13        And we'll turn to the sentencing process.  I'll set a
14 sentencing date.  Between now and then, a presentence report
15 will be prepared by the Probation Office to assist the Court in
16 sentencing.  You'll be asked to give information for the
17 report, and your attorney may be present for any interview, if
18 you wish, with the probation officer.

19        The Court will permit you and Mr. Kaplan to read the
20 presentence report, file any objections to the report before
21 the sentencing hearing.  At the hearing you and your attorney
22 will both have an opportunity to speak on your behalf.

23        I'll refer the case to the probation officer for a
24 presentence investigation report.  I'll set a sentencing date.

25            COURTROOM DEPUTY:  December 2 at 1:30.

1        THE COURT:  Mr. Kaplan, any objection to Mr.

2 Ethridge's continued detention pending sentencing?

3        MR. KAPLAN:  No, your Honor.

4        THE COURT:  All right.  Mr. Ophardt, anything further

5 from the Government?

6        MR. OPHARDT:  No, your Honor.  Thank you.

7        THE COURT:  Mr. Kaplan, anything from the defense?

8        MR. KAPLAN:  No, your Honor.  Thank you.

9        THE COURT:  Okay.  Good enough.  Appreciate the help.

10 Thanks.

11     (Court was in recess at 10:37 AM.)

12

13

14              C E R T I F I C A T I O N

15   I certify that the foregoing is a correct transcript from

16 the record of proceedings in the above-entitled matter.

17

18

19 July 28, 2022                    _____

20                                   Johanna Massé, RMR, CRR

21

22

23

24

25

## $

**$100** [2] - 16:10, 16:13
**$100,000** [1] - 23:6
**$250,000** [2] - 16:9, 16:13

## 1

**1** [4] - 11:9, 16:6, 21:8, 24:23
**10:07** [1] - 2:2
**10:37** [1] - 26:11
**11(c)(1)(C** [3] - 11:25, 13:15, 14:1
**12** [1] - 7:4
**16** [2] - 7:4, 12:10
**1958** [1] - 2:14
**1:30** [1] - 25:25

## 2

**2** [4] - 11:9, 16:10, 25:1, 25:25
**2017** [3] - 22:20, 23:3, 23:16
**2018** [2] - 23:24, 24:9
**2022** [2] - 2:1, 26:19
**22** [1] - 2:1
**22-CR-42** [1] - 2:4
**23** [1] - 7:4
**24** [1] - 4:14
**28** [1] - 26:19
**292** [1] - 11:23

## 3

**324** [5] - 12:1, 12:3, 13:17, 14:10, 15:6
**324-month** [2] - 14:1, 15:11
**365** [1] - 11:23

## 4

**4** [1] - 22:16
**43** [1] - 11:22

## 6

**6** [1] - 24:1

## 7

**7** [1] - 24:9

## A

**abducted** [3] - 22:1, 23:20, 24:2
**abduction** [1] - 23:23
**able** [3] - 9:4, 10:8, 17:4
**abolished** [1] - 17:23
**about** [17] - 5:22, 7:2, 8:24, 9:21, 10:5, 10:9, 14:13, 16:21, 17:1, 18:7, 18:12, 21:3, 23:3, 23:21, 23:24, 23:25, 24:9

**above** [1] - 26:16
**above-entitled** [1] - 26:16
**accept** [6] - 8:16, 13:5, 13:9, 13:21, 13:25, 14:13
**acceptance** [1] - 11:17
**accepted** [4] - 8:13, 12:2, 15:21, 25:11
**accepts** [2] - 15:5, 15:9
**accurately** [1] - 24:13
**act** [1] - 21:22
**acted** [1] - 22:8
**acting** [1] - 22:25
**actions** [1] - 22:10
**addiction** [1] - 4:9
**addition** [1] - 12:20
**additional** [1] - 23:10
**address** [2] - 12:13, 12:17
**adjudged** [1] - 25:12
**adjusted** [1] - 23:19
**advice** [1] - 9:23
**advise** [1] - 16:4
**advising** [1] - 12:16
**advisory** [7] - 11:20, 11:22, 14:3, 16:23, 17:4, 17:15, 17:20
**after** [7] - 13:22, 17:5, 17:14, 20:22, 23:10, 23:18
**against** [7] - 5:16, 6:3, 7:9, 13:8, 18:16, 20:15, 20:18
**ago** [1] - 10:17
**agree** [2] - 6:10, 18:23
**agreed** [4] - 11:25, 14:9, 14:25, 22:23
**agreed-upon** [1] - 14:25
**agreement** [30] - 3:10, 9:20, 10:2, 10:9, 10:12, 10:23, 11:1, 11:2, 11:5, 11:8, 11:12, 11:16, 11:20, 12:6, 12:21, 12:25, 13:5, 13:9, 13:15, 13:16, 13:22, 13:25, 14:25, 15:5, 15:9, 15:14, 15:15, 21:15, 22:16, 22:17
**alcohol** [1] - 4:14
**allege** [1] - 2:14
**alleged** [1] - 22:2
**allowed** [1] - 16:5
**aloud** [2] - 4:22, 8:21
**AM** [2] - 2:2, 26:11
**America** [1] - 2:4
**amount** [1] - 16:18
**answer** [2] - 8:21, 10:8
**anyway** [1] - 20:11
**appeal** [2] - 18:4, 20:22
**application** [3] - 14:19, 17:7, 24:8
**apply** [1] - 14:3, 17:1
**appointed** [1] - 19:11
**appreciate** [3] - 3:4, 5:11, 26:9

**appropriate** [1] - 11:25
**approximately** [1] - 23:8
**argue** [2] - 12:4, 13:18
**Aron** [5] - 2:4, 3:15, 22:20, 23:3, 25:5
**arraignment** [1] - 3:7
**aspect** [1] - 5:23
**assessment** [2] - 16:10, 16:14
**assist** [3] - 22:21, 22:24, 25:15
**assistance** [1] - 19:11
**Assistant** [1] - 2:5
**associated** [1] - 21:3
**assurance** [1] - 13:4
**attempt** [1] - 22:23
**attention** [1] - 14:24
**attorney** [7] - 4:17, 9:3, 9:24, 17:12, 19:11, 25:17, 25:21
**Attorney** [2] - 2:5, 2:6
**Attorney's** [2] - 6:12, 7:10
**authority** [1] - 17:16
**authorized** [2] - 14:4, 16:23
**aware** [4] - 12:11, 12:12, 23:22, 25:7

## B

**Banks** [14] - 23:4, 23:9, 23:13, 23:14, 23:16, 23:18, 23:22, 23:24, 24:1, 24:3, 24:6, 24:9, 24:11
**Barnet** [1] - 24:2
**base** [1] - 11:21
**basis** [4] - 5:16, 6:11, 15:1, 25:9
**behalf** [3] - 2:5, 22:25, 25:22
**Berk** [8] - 22:21, 22:24, 23:6, 23:11, 23:21, 24:11
**best** [1] - 12:17
**between** [2] - 11:23, 25:14
**beyond** [2] - 19:7, 21:7
**bind** [2] - 12:11, 12:12
**bit** [1] - 7:2
**Bitcoin** [1] - 23:10
**body** [1] - 24:4
**bound** [1] - 15:9
**break** [1] - 9:3
**brief** [2] - 3:6, 3:7
**bring** [1] - 14:23
**business** [1] - 23:2

## C

**calculation** [2] - 15:1, 15:2
**cannot** [3] - 12:11, 12:12, 13:21
**cap** [5] - 12:2, 12:3, 13:15, 14:13, 14:25
**capable** [1] - 25:6

**care** [2] - 4:5, 8:9
**carefully** [1] - 10:6
**carried** [1] - 22:2
**case** [17] - 2:3, 2:18, 5:23, 6:15, 6:24, 6:25, 7:9, 9:24, 14:4, 17:1, 17:4, 18:17, 19:13, 21:11, 22:9, 25:4, 25:23
**caused** [2] - 2:16, 21:10
**cell** [2] - 24:7
**cellular** [2] - 21:12, 24:8
**certain** [2] - 8:17, 9:4
**certainly** [1] - 5:14
**certify** [1] - 26:15
**challenge** [2] - 14:18, 17:6
**change** [5] - 2:7, 3:11, 8:14, 9:11, 18:6
**charge** [4] - 5:16, 16:5, 16:11, 19:8
**charged** [5] - 6:6, 6:10, 7:6, 18:16, 21:11
**charges** [11] - 2:10, 5:6, 5:7, 5:9, 5:13, 5:22, 6:3, 11:10, 22:10, 24:20, 25:7
**chose** [1] - 19:20
**circumstances** [2] - 17:16, 18:3
**citizen** [1] - 4:2
**civil** [1] - 15:23
**clear** [1] - 9:10
**clerk** [1] - 10:19
**co** [4] - 21:25, 22:3, 22:4, 22:8
**co-conspirator** [4] - 21:25, 22:3, 22:4, 22:8
**Colorado** [2] - 23:16, 23:25
**combination** [1] - 16:22
**commerce** [6] - 2:17, 5:6, 21:9, 21:11, 22:5, 22:6
**commission** [1] - 22:7
**commit** [3] - 5:7, 16:7, 21:9
**committed** [7] - 6:20, 6:21, 7:6, 12:16, 21:13, 21:14, 21:22
**committing** [1] - 22:7
**communicated** [1] - 24:7
**community** [1] - 19:3
**compel** [1] - 20:3
**competence** [2] - 9:9, 9:14
**competent** [1] - 25:6
**complete** [1] - 10:24
**completed** [2] - 13:22, 17:5
**comply** [1] - 11:12
**composed** [1] - 7:3
**composition** [1] - 7:3
**computation** [1] - 11:21
**concern** [1] - 10:9
**conditions** [1] - 11:12
**conduct** [4] - 5:19, 12:17, 12:18, 24:17

**conducted** [1] - 23:17
**conductor** [2] - 3:21, 3:23
**confined** [1] - 22:1
**consequences** [1] - 25:8
**consider** [1] - 14:11
**consideration** [1] - 21:15
**conspiracy** [11] - 2:22, 5:8, 11:11, 16:11, 21:17, 21:19, 21:20, 21:21, 21:23, 24:6
**conspirator** [4] - 21:25, 22:3, 22:4, 22:8
**conspirators** [2] - 21:22, 22:10
**constitutional** [3] - 3:9, 6:6, 18:8
**contacted** [1] - 25:8
**contained** [1] - 13:5
**containing** [1] - 25:10
**contains** [1] - 5:5
**continued** [1] - 26:2
**conveyed** [1] - 13:12
**convicted** [4] - 6:11, 6:18, 15:22, 18:24
**conviction** [4] - 6:7, 15:22, 19:7, 20:22
**copy** [3] - 4:19, 9:20, 10:14
**correct** [3] - 2:23, 12:19, 26:15
**corresponding** [1] - 22:17
**counsel** [3] - 9:10, 9:13, 9:23
**Count** [7] - 11:9, 16:6, 16:10, 21:8, 24:23, 25:1
**count** [2] - 2:14, 16:7
**counts** [1] - 5:5
**couple** [1] - 14:2
**course** [2] - 12:11, 24:6
**court** [4] - 2:2, 4:23, 20:3, 20:23
**Court** [19] - 2:7, 8:13, 12:2, 13:20, 14:10, 15:4, 15:8, 15:9, 15:13, 16:18, 16:19, 17:3, 17:15, 19:12, 20:10, 25:4, 25:15, 25:19, 26:11
**COURT** [103] - 2:8, 2:19, 2:22, 2:25, 3:4, 3:14, 3:16, 3:19, 3:22, 3:24, 4:2, 4:4, 4:8, 4:11, 4:13, 4:16, 4:19, 4:22, 5:1, 5:4, 5:11, 5:18, 5:21, 6:1, 6:5, 6:9, 6:14, 6:17, 6:23, 7:2, 7:15, 7:18, 7:21, 7:24, 8:2, 8:5, 8:9, 9:7, 9:13, 9:17, 9:19, 10:1, 10:5, 10:8, 10:11, 10:14, 10:20, 10:22, 11:1, 11:4, 11:7, 12:15, 12:20, 12:24, 13:2, 13:8, 13:11, 13:14, 13:20, 13:24, 14:8, 14:15, 14:22, 15:4, 15:8, 15:13, 15:19, 16:4, 16:16, 16:21, 17:3, 17:10, 17:14, 17:22,

18:2, 18:6, 18:15, 18:19, 18:22, 19:1, 19:5, 19:10, 19:15, 19:19, 19:23, 20:2, 20:5, 20:9, 20:13, 20:17, 20:21, 20:25, 21:5, 24:12, 24:16, 24:19, 24:23, 25:1, 25:4, 26:1, 26:4, 26:7, 26:9
**Court's** [5] - 12:11, 13:24, 14:2, 14:24, 22:19
**COURTROOM** [3] - 2:3, 8:8, 25:25
**cover** [1] - 23:7
**credit** [1] - 11:17
**crime** [1] - 6:20
**criminal** [2] - 11:14, 12:17
**cross** [1] - 19:17
**cross-examined** [1] - 19:17
**CRR** [1] - 26:19
**currency** [1] - 23:6

**D**

**data** [1] - 24:8
**date** [3] - 11:16, 25:14, 25:24
**Davis** [12] - 22:23, 23:2, 23:5, 23:10, 23:12, 23:13, 23:15, 23:19, 23:25, 24:2, 24:3, 24:4
**Davis'** [2] - 23:17, 24:4
**death** [4] - 5:8, 11:11, 21:17, 22:11
**deceased** [1] - 24:4
**December** [1] - 25:25
**decided** [1] - 20:13
**decision** [5] - 7:24, 13:21, 13:25, 14:6, 14:13
**decline** [1] - 19:20
**decoyed** [1] - 22:1
**DEFENDANT** [81] - 3:15, 3:18, 3:21, 3:23, 4:1, 4:3, 4:7, 4:10, 4:12, 4:15, 4:18, 4:21, 5:3, 5:10, 5:17, 5:20, 5:25, 6:4, 6:8, 6:13, 6:16, 6:22, 7:1, 7:14, 7:17, 7:20, 7:23, 8:1, 9:6, 9:12, 9:25, 10:4, 10:7, 10:10, 10:13, 10:25, 11:3, 11:6, 13:1, 13:7, 13:10, 13:19, 13:23, 14:7, 14:14, 14:21, 15:3, 15:7, 15:12, 15:18, 16:3, 16:15, 16:20, 17:2, 17:9, 17:13, 17:21, 18:1, 18:5, 18:14, 18:18, 18:21, 18:25, 19:4, 19:9, 19:14, 19:18, 19:22, 20:1, 20:4, 20:8, 20:12, 20:16, 20:20, 20:24, 21:4, 24:15, 24:18, 24:22, 24:25, 25:3
**defendant** [17] - 2:6, 2:16, 3:13, 8:13, 21:10, 21:12,

21:13, 21:18, 21:19, 21:21, 21:25, 22:2, 22:4, 22:8, 25:5, 25:7, 25:12
**defense** [9] - 9:13, 11:19, 11:24, 12:11, 19:11, 19:17, 19:21, 20:3, 26:7
**depart** [1] - 17:16
**Department** [1] - 12:12
**departure** [1] - 15:1
**departures** [2] - 14:4, 16:24
**dependent** [1] - 15:24
**deprive** [1] - 15:22
**DEPUTY** [3] - 2:3, 8:8, 25:25
**deputy** [1] - 24:1
**described** [1] - 24:13
**description** [1] - 24:17
**detention** [1] - 26:2
**determination** [1] - 14:3
**determine** [3] - 5:15, 14:11, 17:4
**determined** [3] - 16:18, 16:22, 17:15
**development** [1] - 23:21
**different** [1] - 17:11
**disagree** [1] - 24:16
**discovered** [1] - 24:4
**discussed** [1] - 7:12
**discussion** [1] - 10:11
**dismiss** [1] - 11:13
**dispute** [1] - 23:2
**District** [1] - 11:15
**doctor** [1] - 4:5
**doubt** [3] - 9:14, 19:7, 21:7
**down** [1] - 11:2
**downwards** [1] - 17:17
**drank** [1] - 4:14
**drugs** [1] - 4:13
**during** [2] - 21:20, 24:6

**E**

**early** [1] - 23:24
**ease** [1] - 22:19
**effect** [1] - 18:10
**effort** [3] - 2:9, 12:13, 21:22
**efforts** [1] - 12:17
**either** [2] - 17:19, 19:8
**element** [1] - 2:16
**elements** [7] - 2:10, 3:2, 21:6, 21:7, 21:18, 21:24, 25:10
**encrypted** [1] - 24:7
**end** [1] - 10:11
**enforcement** [1] - 23:22
**English** [1] - 3:24
**enlisted** [1] - 23:4
**enter** [2] - 9:9, 9:14
**entered** [3] - 6:7, 15:17, 21:18
**entering** [2] - 20:25, 25:6
**entitled** [1] - 26:16
**Eratay** [8] - 22:21, 22:24,

22:25, 23:7, 23:11, 23:21, 24:11
**essential** [2] - 21:6, 25:10
**estimate** [1] - 17:11
**Ethridge** [30] - 2:4, 3:5, 3:15, 3:16, 5:2, 8:3, 8:16, 9:22, 12:24, 13:12, 13:15, 22:20, 22:21, 22:22, 22:23, 22:24, 23:3, 23:6, 23:8, 23:9, 23:11, 23:13, 23:18, 23:21, 24:6, 24:9, 24:10, 24:13, 25:5
**Ethridge's** [3] - 9:14, 12:17, 26:2
**eventually** [1] - 23:14
**evidence** [4] - 7:7, 19:25, 20:7, 20:14
**examine** [1] - 17:17
**examined** [1] - 19:17
**exchange** [1] - 21:14
**exhibit** [2] - 9:21, 10:23
**expenses** [1] - 23:8

**F**

**facilities** [3] - 5:6, 16:7, 21:9
**facility** [3] - 2:17, 21:10, 22:5
**fact** [2] - 24:20, 25:9
**factors** [6] - 14:2, 14:5, 14:11, 14:24, 16:25, 17:18
**facts** [5] - 14:18, 17:7, 20:15, 22:13, 22:15
**factual** [1] - 5:16
**fall** [1] - 23:16
**far** [2] - 3:16, 9:5
**features** [2] - 12:5, 12:21
**federal** [5] - 6:7, 14:6, 14:12, 17:23, 21:24
**felonies** [2] - 15:21, 15:22
**felony** [1] - 6:18
**few** [1] - 10:17
**file** [2] - 10:18, 25:20
**filed** [1] - 10:16
**filing** [1] - 6:15
**fine** [2] - 16:9, 16:13
**firearm** [1] - 16:2
**first** [5] - 2:16, 3:10, 5:5, 9:22, 18:15
**five** [2] - 16:12, 22:9
**five-year** [1] - 16:12
**follow** [1] - 18:13
**following** [2] - 2:2, 24:5
**follows** [1] - 21:8
**force** [1] - 20:17
**foregoing** [1] - 26:15
**foreign** [1] - 22:6
**form** [1] - 8:5
**formal** [1] - 13:11
**forth** [2] - 22:16, 24:20
**four** [1] - 21:23

**free** [2] - 12:4, 13:17
**frequently** [1] - 17:25
**Friday** [1] - 2:1
**front** [2] - 10:19, 18:20
**full** [4] - 3:14, 16:18, 22:18, 22:19
**fully** [4] - 8:25, 9:22, 12:18, 25:6
**funds** [1] - 23:1
**furtherance** [1] - 22:7
**future** [1] - 15:23

## G

**general** [1] - 5:5
**given** [3] - 9:23, 17:12, 21:2
**Government** [24] - 2:5, 2:15, 6:24, 9:13, 10:16, 11:11, 11:15, 11:19, 11:24, 12:25, 13:12, 14:9, 14:16, 14:23, 15:6, 15:14, 17:6, 18:3, 19:6, 21:6, 22:9, 22:13, 24:13, 26:5
**Government's** [1] - 24:17
**grand** [11] - 6:6, 6:18, 6:25, 7:3, 7:4, 7:7, 7:8, 7:13, 7:16, 7:25
**great** [1] - 10:20
**greater** [1] - 17:19
**Gregory** [4] - 22:22, 23:12, 23:17, 24:2
**guided** [1] - 14:2
**guideline** [6] - 11:20, 11:22, 14:11, 17:4, 17:15, 17:20
**guidelines** [8] - 14:3, 14:5, 14:19, 15:1, 16:23, 16:24, 17:1, 17:7
**guilty** [25] - 5:12, 5:13, 5:19, 8:16, 11:8, 11:9, 15:17, 15:21, 18:10, 18:12, 18:16, 18:23, 19:7, 20:22, 21:1, 24:19, 24:20, 24:23, 24:24, 24:25, 25:1, 25:2, 25:3, 25:8, 25:12
**Gumrukcu** [4] - 22:25, 23:1, 23:7

## H

**half** [1] - 23:8
**head** [1] - 24:4
**hear** [4] - 7:20, 8:23, 9:1, 19:16
**hearing** [6] - 5:15, 5:19, 7:7, 14:18, 25:21
**held** [2] - 2:2, 22:3
**help** [1] - 26:9
**helpful** [2] - 10:15, 12:15
**high** [2] - 3:18, 3:19
**higher** [1] - 20:23
**hire** [4] - 5:7, 11:10, 16:7,

21:9
**hold** [1] - 15:25
**Honor** [16] - 2:3, 2:13, 2:24, 3:3, 8:4, 9:16, 9:18, 10:18, 12:9, 12:19, 12:23, 13:13, 22:15, 26:3, 26:6, 26:8
**hospitalized** [1] - 4:8
**hostage** [1] - 22:3
**hours** [1] - 4:14

## I

**idea** [1] - 2:19
**identify** [1] - 2:10
**identifying** [1] - 23:11
**impersonate** [1] - 23:22
**impersonated** [1] - 24:1
**important** [3] - 8:25, 15:23, 18:7
**impose** [2] - 15:10, 18:4
**imposed** [1] - 17:11
**imposition** [1] - 17:19
**imprisonment** [3] - 12:1, 16:8, 16:12
**improvements** [2] - 2:12, 3:1
**include** [1] - 14:2, 15:24
**including** [2] - 14:25, 23:12
**incriminating** [1] - 20:19
**independent** [2] - 14:12, 25:9
**indict** [2] - 6:25, 7:8
**indicted** [2] - 7:7, 7:11
**indictment** [20] - 3:9, 4:25, 6:2, 6:6, 6:10, 6:18, 6:19, 6:24, 7:8, 7:12, 7:16, 7:19, 7:22, 7:25, 8:3, 8:11, 8:15, 11:10, 11:13
**induce** [2] - 7:19, 7:22
**information** [13] - 2:11, 2:14, 3:8, 4:20, 5:5, 6:11, 6:15, 7:10, 22:18, 23:12, 23:14, 24:21, 25:16
**informed** [2] - 23:18, 25:6
**initial** [1] - 17:14
**initials** [2] - 22:16, 22:19
**innocent** [1] - 19:6
**instead** [1] - 22:19
**instrumentality** [1] - 22:6
**intend** [2] - 5:12, 24:19
**intended** [1] - 21:13
**intent** [1] - 21:13
**interstate** [9] - 2:15, 2:17, 5:6, 16:6, 21:8, 21:11, 22:5, 22:6
**interview** [1] - 25:17
**inveigled** [1] - 22:1
**investigation** [1] - 25:24
**issues** [1] - 2:24
**itself** [1] - 21:24

## J

**January** [3] - 23:24, 24:1, 24:9
**Jerry** [2] - 23:4, 23:13
**job** [1] - 8:24
**Johanna** [1] - 26:19
**joined** [1] - 21:20
**Jonathan** [1] - 2:6
**judge** [1] - 13:21
**Judge** [5] - 2:21, 4:24, 8:6, 8:8, 10:21
**July** [2] - 2:1, 26:19
**jurors** [1] - 7:5
**jury** [13] - 6:7, 6:19, 6:25, 7:3, 7:7, 7:9, 7:13, 7:16, 7:25, 16:1, 18:20, 18:23, 19:2
**jury's** [1] - 7:3

## K

**KAPLAN** [11] - 2:23, 3:3, 4:24, 8:4, 8:6, 9:18, 10:16, 12:23, 13:13, 26:3, 26:8
**Kaplan** [17] - 2:7, 3:1, 4:17, 7:13, 8:2, 9:3, 9:17, 9:24, 10:3, 10:8, 12:4, 12:20, 13:11, 16:25, 25:19, 26:1, 26:7
**kidnap** [6] - 2:22, 5:8, 11:11, 16:11, 21:17, 23:25
**kidnapped** [1] - 22:1
**kidnapping** [1] - 21:24
**kill** [1] - 23:25
**killed** [1] - 24:10
**killing** [1] - 22:22
**kind** [1] - 16:1
**knowing** [2] - 23:13, 25:8
**knowingly** [2] - 8:12, 22:9
**known** [1] - 11:15

## L

**language** [1] - 3:25
**larger** [1] - 19:3
**law** [4] - 15:24, 16:5, 17:18, 23:22
**learned** [1] - 22:22
**least** [4] - 6:21, 7:4, 21:19
**Lee** [5] - 2:4, 3:15, 22:20, 23:3, 25:5
**legal** [5] - 2:10, 3:5, 3:8, 8:18, 9:23
**lengthy** [1] - 3:7
**less** [3] - 12:1, 12:4, 13:18
**lesser** [1] - 17:19
**level** [1] - 11:22
**life** [1] - 16:12
**likely** [1] - 23:19
**line** [1] - 3:20
**local** [1] - 12:13

**locate** [2] - 22:23, 23:14
**location** [1] - 23:12

## M

**mail** [1] - 22:5
**manner** [1] - 7:10
**Mark** [3] - 2:6, 4:17, 9:24
**marshal** [1] - 24:1
**Massé** [1] - 26:19
**matter** [3] - 2:7, 2:9, 26:16
**maximum** [7] - 12:3, 13:16, 14:1, 14:9, 16:5, 16:8, 16:11
**means** [1] - 22:5
**medication** [1] - 4:11
**medicine** [1] - 4:13
**member** [1] - 21:21
**members** [3] - 18:22, 19:2
**message** [1] - 24:11
**might** [3] - 7:7, 7:8, 17:1
**minutes** [1] - 10:17
**moment** [2] - 2:9, 16:4
**money** [1] - 23:9
**months** [6] - 11:23, 12:1, 12:3, 13:17, 14:10, 15:6
**morning** [3] - 3:6, 18:10, 24:5
**MR** [21] - 2:13, 2:21, 2:23, 2:24, 3:3, 4:24, 8:4, 8:6, 9:16, 9:18, 10:16, 10:18, 10:21, 12:9, 12:19, 12:23, 13:13, 22:15, 26:3, 26:6, 26:8
**multiple** [1] - 24:3
**murder** [11] - 5:7, 11:10, 16:7, 21:9, 21:13, 21:14, 22:24, 23:4, 23:8, 23:15, 23:19
**murdered** [3] - 23:10, 23:20, 24:3
**must** [2] - 7:5, 16:18

## N

**name** [2] - 3:14, 22:19
**names** [1] - 22:18
**narcotics** [1] - 4:9
**native** [1] - 3:24
**nature** [3] - 5:9, 6:2, 25:7
**necessary** [2] - 14:10, 19:12
**need** [3] - 8:16, 16:21, 23:20
**networks** [1] - 21:12
**nobody** [1] - 20:17
**note** [1] - 2:13
**number** [1] - 2:3

## O

**oath** [2] - 3:12, 9:8
**objection** [1] - 26:1
**objections** [1] - 25:20
**obligated** [1] - 15:10

obtain [1] - 19:7
obtained [1] - 23:11
offense [10] - 11:22, 15:19, 16:17, 18:16, 21:7, 21:24, 22:7, 24:14, 25:11
offenses [5] - 7:6, 11:15, 15:20, 25:10, 25:12
offer [1] - 3:1
offers [1] - 13:11
Office [2] - 6:12, 25:15
office [1] - 15:25
officer [4] - 14:20, 17:8, 25:18, 25:23
offices [3] - 12:10, 12:12, 12:16
one [9] - 2:13, 3:6, 6:21, 7:20, 8:8, 21:9, 21:18, 21:19, 21:21
ones [1] - 3:7
open [1] - 2:2
Ophardt [6] - 2:6, 2:12, 9:15, 12:7, 22:12, 26:4
OPHARDT [10] - 2:13, 2:21, 2:24, 9:16, 10:18, 10:21, 12:9, 12:19, 22:15, 26:6
opportunity [6] - 10:1, 14:17, 14:23, 15:15, 17:6, 25:22
order [2] - 16:18, 20:10
original [2] - 10:15, 11:13
overt [1] - 21:22
own [7] - 19:21, 19:24, 20:6, 20:7, 20:14

**P**

paragraph [2] - 12:10, 22:16
parole [2] - 17:22, 17:25
part [2] - 14:15, 23:22
participate [1] - 19:2
particular [1] - 15:16
parties [1] - 11:19
partway [1] - 17:24
passed [1] - 2:9
past [1] - 4:14
pay [1] - 21:15
payment [1] - 23:7
pecuniary [1] - 21:15
penalty [3] - 16:5, 16:8, 16:12
pending [1] - 26:2
people [2] - 6:21, 7:4
perfect [3] - 2:25, 8:9, 10:20
period [1] - 21:20
permit [1] - 25:19
person [5] - 2:16, 18:8, 21:10, 21:19, 22:22
persuade [2] - 13:5, 13:9
phone [2] - 24:7
photograph [1] - 23:12
pills [1] - 4:14
placed [1] - 3:12

plan [2] - 5:12, 23:19
planned [1] - 23:22
plea [42] - 2:7, 3:10, 3:11, 8:14, 8:16, 8:18, 9:9, 9:11, 9:15, 9:20, 10:2, 10:9, 10:12, 10:23, 11:2, 11:4, 11:9, 11:16, 12:5, 12:21, 12:25, 13:5, 13:9, 13:11, 13:15, 13:25, 14:25, 15:5, 15:9, 15:14, 15:16, 15:21, 20:25, 22:16, 22:17, 25:6, 25:8, 25:9, 25:11
plead [8] - 5:12, 5:18, 18:9, 18:12, 18:16, 24:19, 24:23, 25:1
pleading [1] - 15:20
pled [1] - 5:13
points [1] - 11:17
portion [1] - 24:16
possess [1] - 16:1
possible [2] - 14:4, 16:23
preliminary [3] - 2:9, 5:15, 5:19
prepared [2] - 22:13, 25:15
present [4] - 2:5, 2:6, 6:24, 25:17
presentence [6] - 13:22, 14:17, 17:5, 25:14, 25:20, 25:24
presumed [1] - 19:6
principal [1] - 3:20
prison [1] - 17:24
private [2] - 9:4, 10:2
privately [3] - 7:13, 9:2, 16:25
privilege [1] - 20:18
probable [2] - 6:19, 7:5
probation [4] - 14:19, 17:8, 25:18, 25:23
Probation [1] - 25:15
proceed [2] - 7:9, 8:14
proceeding [1] - 9:11
proceedings [1] - 26:16
process [3] - 9:21, 14:16, 25:13
promise [2] - 13:4, 21:15
promises [3] - 7:18, 7:21, 11:12
property [1] - 23:20
proposed [2] - 14:13, 14:25, 15:6
prosecute [1] - 11:14
prosecution [3] - 10:24, 11:2, 22:12
prosecutors [1] - 12:13
protect [1] - 18:8
protected [1] - 8:18
protection [1] - 18:11
prove [3] - 19:6, 21:6, 22:13
provide [1] - 11:21
provided [2] - 23:8, 23:13

provides [2] - 11:8, 13:16
providing [1] - 23:1
provision [1] - 12:10
psychiatrist [1] - 4:5
psychologist [1] - 4:5
public [1] - 15:25
purpose [2] - 21:23
purposes [1] - 11:21
pursuant [1] - 11:25
put [3] - 19:24, 20:6, 20:14

**Q**

questions [3] - 8:17, 8:25, 9:21

**R**

railroad [2] - 3:21, 3:23
range [5] - 11:22, 14:11, 17:4, 17:15, 17:17
ransom [1] - 22:3
reached [1] - 11:19
read [4] - 4:22, 10:1, 22:18, 25:19
reading [1] - 4:24
really [2] - 3:5, 5:22
reason [2] - 8:2, 22:4
reasonable [2] - 19:7, 21:7
receipt [1] - 21:14
receive [1] - 11:17
received [5] - 4:19, 8:11, 9:20, 23:6, 23:9
recently [2] - 4:4, 4:9
recess [1] - 26:11
recommend [1] - 11:16
recommended [2] - 14:19, 17:8
record [3] - 12:8, 12:22, 26:16
recorded [1] - 8:20
refer [1] - 25:23
reflected [2] - 12:7, 12:22
regarding [1] - 12:10
reject [2] - 13:21, 13:25
rejects [1] - 15:14
relay [1] - 24:11
release [2] - 16:9, 16:13
released [1] - 17:24
remain [1] - 9:7
remind [1] - 9:7
report [8] - 13:22, 14:17, 17:5, 25:14, 25:17, 25:20, 25:24
reported [1] - 17:7
represent [1] - 10:23
representation [2] - 9:23, 22:12
represented [1] - 4:16
requesting [1] - 22:21
residence [2] - 23:17, 24:2
respect [6] - 9:9, 16:5, 16:10,

16:17, 21:8, 21:17
responsibility [1] - 11:18
restitution [2] - 16:17, 16:18
result [1] - 17:18
resulted [1] - 22:10
resulting [3] - 5:8, 11:11, 21:18
returning [1] - 6:19
review [1] - 14:17
reward [1] - 22:3
rights [9] - 8:18, 8:24, 15:23, 15:24, 18:7, 18:8, 18:9, 18:11, 21:2
RMR [1] - 26:19
role [1] - 24:14
Rule [1] - 11:25

**S**

salient [1] - 12:5
satisfied [1] - 9:22
scheme [1] - 23:4
school [3] - 3:17, 3:18, 3:19
second [1] - 5:7
see [3] - 5:1, 12:15, 19:16
seized [1] - 21:25
selecting [1] - 19:2
sentence [15] - 12:3, 13:16, 14:1, 14:10, 14:12, 14:13, 14:25, 15:5, 15:10, 16:22, 17:10, 17:19, 17:20, 17:24, 18:4
sentenced [1] - 17:23
sentencing [19] - 11:14, 11:20, 11:21, 11:22, 14:3, 14:5, 14:6, 14:16, 14:18, 16:23, 16:25, 17:18, 17:25, 25:13, 25:14, 25:16, 25:21, 25:24, 26:2
Serhat [4] - 22:25, 23:1, 23:7
series [1] - 8:17
serve [1] - 16:1
set [4] - 22:15, 24:20, 25:13, 25:24
setting [3] - 9:4, 10:2, 12:18
shooting [1] - 24:3
shortly [1] - 24:10
sides [1] - 11:24
sign [1] - 10:12
signed [2] - 6:11, 13:16
signs [1] - 11:16
situation [1] - 12:14
slightly [1] - 12:9
someone [1] - 22:23
sorry [2] - 3:22, 7:20
special [2] - 16:10, 16:13
specifically [1] - 14:1
stage [1] - 19:12
start [1] - 3:12
started [1] - 2:8

**state** [4] - 3:14, 12:13, 15:24, 17:25
**statement** [3] - 3:1, 5:22, 5:24
**States** [2] - 2:4, 25:5
**statutory** [3] - 14:5, 16:24, 17:17
**subjects** [1] - 18:6
**submit** [1] - 2:15
**subsequently** [1] - 23:9
**sufficient** [1] - 5:16
**sufficiently** [1] - 7:15
**suggestion** [1] - 2:21
**sum** [1] - 23:10
**summer** [2] - 22:20, 23:3
**superseding** [9] - 2:11, 3:8, 4:20, 6:15, 7:10, 8:14, 11:9, 22:18, 24:21
**supervised** [2] - 16:9, 16:13
**support** [1] - 14:24
**supported** [1] - 25:9
**surveillance** [2] - 23:17, 23:18
**sworn** [1] - 3:13
**system** [1] - 17:23
**systems** [1] - 17:25

## T

**tasks** [1] - 3:5
**telephone** [1] - 21:12
**ten** [1] - 16:8
**term** [4] - 11:25, 15:11, 16:9, 16:12
**terms** [2] - 11:4, 15:10
**testify** [7] - 19:20, 19:24, 20:3, 20:11, 20:14, 20:18
**testimony** [1] - 20:6
**THE** [184] - 2:8, 2:19, 2:22, 2:25, 3:4, 3:14, 3:15, 3:16, 3:18, 3:19, 3:21, 3:22, 3:23, 3:24, 4:1, 4:2, 4:3, 4:4, 4:7, 4:8, 4:10, 4:11, 4:12, 4:13, 4:15, 4:16, 4:18, 4:19, 4:21, 4:22, 5:1, 5:3, 5:4, 5:10, 5:11, 5:17, 5:18, 5:20, 5:21, 5:25, 6:1, 6:4, 6:5, 6:8, 6:9, 6:13, 6:14, 6:16, 6:17, 6:22, 6:23, 7:1, 7:2, 7:14, 7:15, 7:17, 7:18, 7:20, 7:21, 7:23, 7:24, 8:1, 8:2, 8:5, 8:9, 9:6, 9:7, 9:12, 9:13, 9:17, 9:19, 9:25, 10:1, 10:4, 10:5, 10:7, 10:8, 10:10, 10:11, 10:13, 10:14, 10:20, 10:22, 10:25, 11:1, 11:3, 11:4, 11:6, 11:7, 12:15, 12:20, 12:24, 13:1, 13:2, 13:7, 13:8, 13:10, 13:11, 13:14, 13:19, 13:20, 13:23, 13:24, 14:7, 14:8, 14:14, 14:15, 14:21, 14:22,

15:3, 15:4, 15:7, 15:8, 15:12, 15:13, 15:18, 15:19, 16:3, 16:4, 16:15, 16:16, 16:20, 16:21, 17:2, 17:3, 17:9, 17:10, 17:13, 17:14, 17:21, 17:22, 18:1, 18:2, 18:5, 18:6, 18:14, 18:15, 18:18, 18:19, 18:21, 18:22, 18:25, 19:1, 19:4, 19:5, 19:9, 19:10, 19:14, 19:15, 19:18, 19:19, 19:22, 19:23, 20:1, 20:2, 20:4, 20:5, 20:8, 20:9, 20:12, 20:13, 20:16, 20:17, 20:20, 20:21, 20:24, 20:25, 21:4, 21:5, 24:12, 24:15, 24:16, 24:18, 24:19, 24:22, 24:23, 24:25, 25:1, 25:3, 25:4, 26:1, 26:4, 26:7, 26:9
**thereafter** [1] - 24:10
**therefore** [1] - 25:11
**threat** [1] - 13:8
**threats** [2] - 7:18, 7:21
**three** [5] - 3:5, 11:17, 16:9, 21:13, 21:20
**three-year** [1] - 16:9
**today** [7] - 5:12, 5:22, 7:9, 7:16, 8:18, 8:23, 15:17
**together** [1] - 18:12
**torso** [1] - 24:4
**transcript** [1] - 26:15
**transmissions** [1] - 24:8
**travel** [3] - 2:14, 2:16, 21:10
**traveled** [3] - 22:4, 23:16, 23:24
**treated** [1] - 4:8
**treatment** [1] - 4:6
**trial** [19] - 18:7, 18:9, 18:10, 18:11, 18:17, 18:20, 19:5, 19:12, 19:16, 19:25, 20:7, 20:15, 20:18, 20:22, 21:1, 21:2, 21:3, 21:5, 22:14
**trip** [1] - 23:18
**try** [1] - 2:13
**trying** [1] - 18:13
**turn** [4] - 3:10, 6:1, 13:14, 25:13
**two** [12] - 2:10, 3:6, 3:9, 5:5, 5:9, 5:13, 6:2, 15:20, 21:12, 21:19, 24:20, 25:12

## U

**U.S** [6] - 2:5, 4:2, 6:11, 7:9, 23:6, 24:1
**ultimately** [1] - 17:11
**unanimously** [1] - 18:23
**under** [6] - 3:12, 4:5, 9:7, 16:6, 17:18, 18:2
**unique** [1] - 12:9

**United** [2] - 2:4, 25:5
**unlawfully** [1] - 22:8
**unless** [3] - 6:17, 6:18, 19:20
**unsigned** [1] - 10:14
**up** [12] - 3:9, 4:23, 6:9, 11:17, 16:8, 16:9, 16:12, 16:13, 18:10, 18:11, 21:2
**upwards** [1] - 17:16
**uses** [1] - 22:18
**utilized** [1] - 24:8

## V

**valid** [1] - 9:14
**value** [1] - 21:16
**variance** [1] - 15:2
**Vermont** [4] - 11:15, 23:17, 23:25, 24:2
**victim** [2] - 22:2, 22:11
**victims** [1] - 16:17
**voluntarily** [2] - 8:12, 19:20
**voluntary** [2] - 8:19, 25:9
**vote** [1] - 15:25

## W

**waive** [8] - 4:24, 6:17, 6:24, 7:8, 7:19, 7:22, 7:24, 8:3
**waived** [1] - 21:1
**waiver** [5] - 3:8, 6:2, 8:5, 8:11, 8:12
**waiving** [1] - 7:12
**willfully** [2] - 21:20, 22:9
**wish** [5] - 4:22, 4:23, 9:2, 20:10, 25:18
**withdraw** [2] - 15:15, 15:16
**witness** [1] - 20:9
**witnesses** [4] - 19:16, 19:24, 20:3, 20:6
**words** [3] - 12:1, 14:8, 20:5
**written** [3] - 8:5, 8:11, 11:2

## Y

**year** [2] - 16:9, 16:12
**years** [1] - 16:8
**yourself** [5] - 4:19, 9:10, 10:12, 11:5, 20:19
**yup** [1] - 2:20